1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10

11    EDUARDO MALDONADO LOPEZ,          )   Civil No. 12-1215-BEN(WVG)
      et al.,                           )
12                                      )   AMENDED
                         Plaintiffs,    )   ORDER REGARDING
13                                      )   PROTECTIVE ORDER
      v.                                )
14                                      )
                                        )
15    AQUI ES TEXCOCO, et al.,          )
                                        )
16                       Defendants.    )
                                        )
17    _____ )
                                        )
18                                      )   Civil No. 12-2113-BEN(WVG)
      AQUI ES TEXCOCO, et al.,          )
19                                      )   AMENDED
                         Plaintiffs,    )   ORDER GRANTING MOTION
20    v.                                )   FOR PROTECTIVE ORDER
                                        )   (DOC. NO. 14)
21                                      )
      EDUARDO MALDONADO LOPEZ,          )
22    et al.,                           )
                                        )
23                       Defendants.    )
                                        )
24    _____ )

25

26          On January 9, 2013, the Court held a Status Conference in the

27    above-entitled  cases.  Douglas  Clearly  appeared  on  behalf  of

28    Plaintiffs ("Lopez") in case no. 12-1215 (wage and hour lawsuit).

1    Reed Smith appeared on behalf of Defendants on case no. 12-1215 and
2    Plaintiffs in case no. 12-2113 ("Aqui"). Harry McGahey appeared on
3    behalf of Defendants ("Lopez") in case no. 12-2113 (trade libel
4    lawsuit).

5         At the Status Conference, the Court discussed with counsel
6    the need for, and the propriety of, a protective order for the
7    production of Aqui's financial information in its initial disclo-
8    sures.

9         Case no. 12-1215 involves Plaintiffs Lopez' and Alejandro
10   Lopez Ferreira's ("Ferreira") allegations that they worked for Aqui,
11   a restaurant, and *inter alia*, were not properly paid for the hours
12   that they worked, were not afforded meal and rest periods, were not
13   paid their wages upon their discharge, and that Aqui failed to
14   properly provide them with itemized pay statements. One of Aqui's
15   affirmative defenses to Lopez' and Ferreira's claims is that the
16   amount alleged to be owed is offset by amounts that Lopez and
17   Ferreira owe Aqui in Aqui's trade libel lawsuit. On July 25, 2012,
18   the Court ordered the parties to provide their initial disclosures
19   to each other by September 13, 2012. Thereafter, on October 26,
20   2012, the Court held a Case Management Conference, the result of
21   which, *inter alia*, was that Aqui was ordered to disclose its damages
22   estimate to Lopez and Ferreira on or before November 9, 2012.

23        In the wage and hour lawsuit, Aqui did not disclose its
24   damages estimate as ordered at the October 26, 2012 Case Management
25   Conference, nor did it object to the disclosure of the estimate.
26   Aqui's counsel argued that while it did not object to production of
27   its financial information, the financial information is protected by
28   its financial privacy rights and is Aqui's trade secret.

12cv1215

Case no. 12-2113 involves Aqui's allegations that Lopez and Ferreira (and Sandra Castillo) have committed trade libel and have misappropriated Aqui's name and trade secrets by opening a competing restaurant with a same or similar name that serves the same or similar food. On December 14, 2012, the Court ordered the parties to provide their initial disclosures to each other by January 23, 2013.

Lopez' counsel in case no. 12-1215 argued that since Aqui did not object to producing its financial information (stating that such information is protected from disclosure by Aqui's financial privacy rights and that such information is Aqui's trade secret) and did not produce a privilege log for the financial information, those objections have been waived. Therefore, Aqui should produce its financial information to Lopez, without restriction. See <u>Burlington Northern & Santa Fe Ry. Co. v. U.S. District Court</u>, 408 F.3d 1142, 1147-1148 (9th Cir. 2005).

Fed. R. Civ. P. 26(a)(1)(A)(iii) requires that in a party's initial disclosure, a party must provide to all other parties: "a computation of each category of damages claimed by the disclosing party - who must make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based..."

Fed. R. Civ. P. 26(c)(1) states in pertinent part:

> The Court may, for good cause, issue an order to protect a party... from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following...
> (B) specifying terms, including time and place for the disclosure or discovery;..
> (G) requiring that a trade secret or... commercial information not be revealed or be revealed only in a specified way.

12cv1215

1    Here, in case no. 12-1215 (wage and hour lawsuit), Aqui did

2    not comply with Rule 26(a)(1)(A)(iii). Instead, it provided a

3    general statement regarding the damages it claims to have suffered.

4    A general statement regarding alleged damages is insufficient under

5    Rule 26(a)(1)(A)(iii). Therefore, Aqui shall provide to all other

6    counsel in both cases detailed financial information that supports

7    its claim for damages.

8    It is true that Aqui may have waived any objection in the

9    wage and hour lawsuit by not making a timely objection to the

10   disclosure of its financial information. However, in the trade libel

11   lawsuit, Aqui's objections have been timely made. Given the fact

12   that the opposing parties in each case are virtually identical (with

13   the exception of Ms. Castillo), it makes little sense to order

14   disclosure on the one hand without a protective order, but insist on

15   a protective order on the other. Whatever financial privacy

16   interests and trade secrets of Aqui which may be protected in the

17   trade libel lawsuit will be completely eviscerated with unprotected

18   disclosure in the wage and hour lawsuit.

19   Despite Aqui's blatant violation of 26(a)(1)(A)(iii), and

20   this Court's Order of October 26, 2012, it is well recognized that

21   federal judges have fairly wide latitude to manage discovery to

22   ensure that litigation efficiently moves forward. California ex.

23   rel. Cal. Dept. of Toxic Substances Control v. Campbell, 138 F.3d

24   772, 779 (9th Cir. 1988), Jardin v. DATAllegro, 2011 WL 3299395 at

25   *5 (S.D. Cal. 2011). Also, despite Aqui's violation, the Court must

26   not blindly and reflexively simply order all potentially sensitive

27   financial information to be disclosed to Aqui's competitors, without

28

12cv1215

1   considering options to mitigate the damage that may result from

2   unrestricted disclosures of Aqui's financial information.

3        Accordingly, Aqui shall not be compelled to produce its

4   financial information without restriction. Even though Aqui failed

5   to object to producing its financial information without restric-

6   tion, the financial information is still protected from disclosure

7   by Aqui's financial privacy rights and is Aqui's trade secret.

8   Further, at the January 9, 2013 Status Conference, Aqui's counsel

9   noted that both case no. 12-1215 and case no. 12-2113 involve the

10  same employees (Lopez and Ferreira), same or similar restaurant

11  names (Aqui *Es* Texcoco and Aqui *Esta* Texcoco)[1] the same type of food

12  being sold in the same limited geographic area. The Court finds

13  these factors to be compelling reasons why Aqui's financial

14  information should be produced pursuant to a protective order.

15       Here, the Court simply rules that Aqui's general statement

16  regarding its damages is insufficient under Rule 26 (a)(1)(A)(iii),

17  and fashions a remedy for the insufficiency. The Court finds that a

18  protective order (to be drafted by the parties) will meet the needs

19  of all parties in these actions.  The protective order may provide

20  that certain to-be-produced documents may be designated as for

21  "Attorney's Eyes Only." Rule 26(c)(1)(B),(G). The protective order

22  shall include the following language:

23       No document shall be filed under seal unless counsel

24       secures a court order allowing the filing of a

25       document under seal. An application to file a document

26       under seal shall be served on opposing counsel, and on

27

28       [1]Defendants in the trade libel lawsuit represent that they no longer use the name "Aqui Esta Texcoco."

12cv1215

1        the person or entity that has custody and control of

2        the document, if different from opposing counsel. If

3        opposing counsel, or the person or entity who has

4        custody and control of the document, wishes to oppose

5        the application, he/she must contact the chambers of

6        the judge who will rule on the application, to notify

7        the judge's staff that an opposition to the applica-

8        tion will be filed.

9      Lopez' counsel in case no. 12-1215 objects to a provision in

10  the protective order that would allow Aqui to designate some to-be-

11  produced documents as for "Attorney's Eyes Only." Specifically,

12  Lopez' counsel believes that since he will not be able to show those

13  to-be-produced documents to his clients, he will be unable to

14  properly advise them regarding Aqui's financial status and alleged

15  damages.

16      However, there is nothing stopping Lopez' counsel from

17  reviewing the documents designated "Attorney's Eyes Only," by

18  himself, and/or from seeking assistance from financial professionals

19  to interpret the data contained in the documents, and formulating

20  opinions about what the documents state, so as to properly advise

21  his clients. Furthermore, as Aqui's counsel suggested, counsel for

22  Lopez and Ferreira may discuss the financial information in general

23  terms. While this may have certain limitations, it is an avenue that

24  counsel should explore and include within the protective order. In

25  addition, the Court is not foreclosing counsel from seeking relief

26  from the Court to permit full or enhanced disclosure of Aqui's

27  financial information to Lopez and Ferreira. Therefore, Lopez'

28  counsel's objection in this regard is overruled.

12cv1215

1    As a result, in case no. 12-2113, Defendants' Motion for
2  Protective Order (Doc. No. 14) is GRANTED. The protective order
3  shall apply in case no. 12-1215.

4    On or before January 14, 2013, counsel for Aqui shall provide
5  to all other counsel a protective order that provides that any party
6  may designate certain documents as for "Attorney's Eyes Only".

7    On or before January 21, 2013 counsel for all other parties
8  shall approve the protective order as to form.

9    On or before January 22, 2013, counsel for Aqui shall
10  produce to all other counsel the documents that evidence Aqui's
11  claimed damages.

12

13  DATED:  January 14, 2013

14

15                                    _____
16                                    Hon. William V. Gallo
                                      U.S. Magistrate Judge
17

18

19

20

21

22

23

24

25

26

27

28

12cv1215